**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)** | **FILED**<br>**JAMES J. WALDRON, CLERK**<br><br>**December 17, 2012**<br><br>U.S. BANKRUPTCY COURT<br>NEWARK, N.J.<br><br>BY: **/s/ Nelson Dos Santos,**<br>**Deputy** |
| **In Re:**<br><br>**Jose Cordova and Nancy Pavic,**<br><br><br>**Debtor(s).** | Case No.:    12-15054<br><br><br><br>**Chapter 7**<br><br><br><br>**OPINION** |

**BEFORE:**    Hon. Novalyn L. Winfield

**A P P E A R A N C E S :**

Robert Wachtel , Esq.
210 River Street
Hackensack, NJ 07601
Attorneys for Debtors

Gary S. Jacobson
Herold Law, P.A.
25 Independence Boulevard
Warren, NJ 07059-6747
Attorneys for Trustee

This matter is before the court on the Trustee's motion to compel the Debtors to turnover post-petition rental income to the Trustee from property located at 175 17th Avenue, Paterson, New Jersey. The Debtors opposed the Trustee's motion, arguing that the rental income at issue is not property of the Debtors' bankruptcy estate and not recoverable by the Trustee. As set forth below, the court denies the Trustee's motion.

## JURISDICTION

This court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on September 18, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF FACTS

On February 29, 2012 (the "Petition Date"), Jose Cordova ("Mr. Cordova") and Nancy Pavic (collectively, "Debtors") filed for relief under Chapter 7 of the Bankruptcy Code. On March 1, 2012, the United States Trustee appointed Charles M. Forman as the case trustee. Gary S. Jacobson ("Trustee") was appointed as successor trustee on March 8, 2012.

The Trustee filed the within motion for turnover of property seeking turnover of monthly rental income from the Debtors' property located at 175 17th Avenue, Paterson, New Jersey (the "Property"). On July 23, 2012, PHH Mortgage Corp. c/o J.P. Morgan Mortgage Acquisition Corp. ("PHH" or "Lender") was granted relief from the automatic stay. According to the stay relief motion filed by PHH the Property is encumbered by liens totaling $370,897.00 and has negative equity of approximately $199,897.00. To date, the Trustee has not closed the first Meeting of Creditors, and has not abandoned the Property despite its substantial lack of equity.

2

The Trustee states he has not closed the Meeting of Creditors because of the failure of the Debtors to turn over the rents.

It is undisputed that the Debtors are currently receiving the rental income from the Property but are not currently servicing the mortgage on the Property.[1] The Trustee asserts that the Debtors are using the rental income from the Property for living expenses. The Trustee claims that under section 541(a)(6) he is entitled to turnover of the post-petition rental income collected by the Debtors, net of documented expenses incurred for the benefit of the Debtors' tenants.

As part of the mortgage transaction the Debtor, Nancy Pavic, executed a 1-4 Family Rider ("Rider") on August 30, 2007. The Rider contains an assignment of rents provision at paragraph (H) which states that,

> [b]orrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the rents to Lender or Lender's agents. However, Borrower shall receive the rents until: (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.
> If the Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the Benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender, or Lender's agents shall be applied first to the costs of taking control of an managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable

---

[1] PHH's stay relief motion indicates that the mortgage has been in arrears since July 2009.

    to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

      If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

      Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

      Lender, Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs.  Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. The assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

As of the date of this opinion, PHH has not taken any action to pursue its rights for collection of the Debtors' rental income.

## DISCUSSION

The Trustee is seeking turnover of the Debtors' monthly rental income as property of the estate under § 541(a)(6), or, in the alternative, to hold the rents for the Lender until the Lender asserts its interest in the rents.  The Debtors argue that the monthly rental income they receive is not property of the estate because the language of paragraph (H) constitutes an absolute assignment of the rents to the Lender, and as such, the Debtors cannot turn over the rents to the Trustee because they are not the Debtors' property under §§ 541(a)(1) or (a)(6).  The Debtors rely on *In re Jason Realty*, 59 F.3d 423, 427 (3d Cir. 1995), which holds that an assignment is absolute if "its language demonstrates an intent to transfer immediately the assignors right and title to the rent."   *Jason Realty* further holds that an absolute assignment transfers title on its

4

execution *Id*. at 427(citing *New Jersey Nat'l Bank & Trust Co. v. Wolf*, 108 N.J. Eq. 412, 155 A. 372 (N.J. Ch. 1931). Applying *Jason Realty*, the Debtors assert that title to the rents passed to the bank on August 30, 2007, the date the borrowers signed the 1-4 Family Rider.

The court agrees with the Debtors and finds that the rents were absolutely assigned to the Lender. Paragraph (H), in its very first sentence states that the borrower "absolutely and unconditionally" assigns "all the Rents and revenues. . . regardless of to whom the Rents of the Property are payable." Further, the last sentence of the first paragraph states that the assignment of rents "constitutes an absolute assignment and not an assignment for additional security only." This language makes plain that the rents were not merely pledged as additional security.

The court in *Jason Realty* relied in part upon *Butner v. United States*, 440 U.S. 48 (1978), for its conclusion that state law provides the basis for determining the effect of an assignment of rents. In *Butner*, the Supreme Court, specifically addressing an assignment of rents held that Property interests are created and defined by state law, and unless a federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. *Butner*, 440 U.S. at 55. Applying *Jason Realty* and *Butner* to the matter at hand, this court finds that under paragraph (H) of the Rider, title to the rents vested in the Lender in August 2007 when the Debtors executed the Rider. When the Debtors filed their Chapter 7 case in February, 2012, under paragraph (H), the Debtors held merely a license to collect the rents, without any ownership rights in the rents.

The Trustee seems to reason that because the Debtors continue to collect the rents, under § 542(a) the Debtors are "an entity… in possession, custody or control, during the case, of property that the trustee may use, sell or lease under section 363…" and that the Debtors must "deliver [the rents] to the trustee, and account for such property…" 11 U.S.C. § 542(a). The fundamental flaw in the Trustee's argument is that the ability to collect the rents does not provide

5

the Debtors with a property interest in the rents. The Debtors' property interest in the rents was absolutely assigned to the Lender in August 2007. Unquestionably, but for the absolute assignment of rents, on the Petition Date the rents would have been property of the estate under § 541(a)(6). However, the fact that apparently the Lender has not yet revoked the Debtors' ability to receive the rents does not thereby make the postpetition rents received by the Debtors estate property under § 541(a)(6).

The Trustee acknowledges that under *Jason Realty* rents that are subject to an absolute assignment of rents under New Jersey law are not property of the estate. Trustee's Reply p. 3 But he takes the position that:

> … if the assignee of rents has not revoked the Debtor's license or if the Debtor has become obligated to hold the rents as trustee for the assignee… the rents should be turned over to the Trustee either as property of the estate, or as property in which the assignee has an interest and which the Trustee shall preserve pending the assertion and establishment of that interest. There is no legal or equitable justification for the Debtor to consume those funds to the detriment of the creditors or the assignee of rents. Although under *Jason Realty* the rents may not constitute cash collateral, the same policy concerns that underlie the Bankruptcy Code's restrictions on use of cash collateral dictate the preservation of these rents from consumption by the Debtors' [sic] personal expenses. That policy requires that the rents be turned over to the Trustee.

Trustee's Reply pp. 3-4.

While the Trustee appears to be correct that the Debtor's continued use of the rents for their benefit is a detriment to the Lender, the court can perceive no detriment to any other creditor of the bankruptcy estate in light of the fact that the rents are not estate property. The Trustee potentially could collect the rents for the Lender, but there is nothing in the record before the court which indicates that PHH has authorized the Trustee to take such action. Absent such authorization, the Trustee is not the proper party

to bring this action, and there is no legally cognizable basis to seek turnover of rents in order to vindicate perceived Bankruptcy Code policies.

PHH has the same rights now as it had pre-bankruptcy and can still presently give notice of default to the Debtors and make demand on the tenants for the rents. In the alternative, PHH can make a request in state court that a receiver be appointed to collect the rents. No action need be taken in bankruptcy court to vindicate the Lender's rights and interests.

The Trustee simply lacks standing to collect the rents for the benefit of the Lender. As a rule, a party must have a "personal stake in the outcome of the controversy" to establish standing under Article III of the United States Constitution. *In re Cannon*, 277 F.3d 838, 852 (6th Cir. 2001)(citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). As the bankruptcy estate does not have any property interest in the rents, the Trustee's turnover motion would only be for the benefit of the Lender.[2] This fact also raises consideration of the prudential limitations on standing that counsel against the exercise of this court's jurisdiction. Among those prudential considerations is the concept that a litigant should not assert the legal rights and interests of a third party. *See Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc.*, 454 U.S. 464, 474-75 (1982). Given the court's determination that the rents are not property of the estate the Trustee does not have a personal stake in the turnover of rents, and lacks standing to pursue the motion on that basis alone. Further, because the Trustee has no claim to the rents as property of the estate, he cannot overcome the prudential limitation that counsels against asserting the rights of the Lender.

---

[2] The Lender has been served with the Trustee's motion but has not appeared to either support or object to the Trustee's turnover motion.

## **CONCLUSION**

Because of the prepetiton absolute assignment of rents to the Lender, the rents from the Debtors' Property are not property of the estate under §§ 541(a)(1) or (a)(6), and the Trustee may not compel their turnover.  Further, because the rents are not property of the estate, the Trustee lacks standing to compel turnover of the rents.


Dated:  December 17, 2012          ____/S/_____
                                   NOVALYN L. WINFIELD
                                   United States Bankruptcy Judge